Tuan Anh Dang,

    Petitioner,

Case No. 17-cv-2126 (JRT/SER)

v.

**ORDER AND
REPORT AND RECOMMENDATION**

Jefferson Sessions, Scott Benieke, Mike Stasko, and Elaine Duke,[1]

    Respondents.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Tuan Anh Dang's ("Dang") Petition for a Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2241 [Doc. No. 1]. In his Petition, Dang seeks release from custody, an injunction, and attorney's fees. This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)–(C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Petition as moot, and dismissing the action.

**I.    BACKGROUND**

Dang filed his Petition on June 20, 2017. As of that date, Immigration and Customs Enforcement ("ICE") had been unable to remove him to Vietnam (his home country) or any other country. (Pet. ¶ 15). Dang seeks release, an injunction, and attorney's fees. (*Id.* at 7).

In their response, Respondents assert that this Court lacks subject matter jurisdiction over

---

[1]     On July 31, 2017, Elaine Duke became the Acting Secretary of the Department of Homeland Security, succeeding John F. Kelly. *See Elaine C. Duke*, Dep't of Homeland Sec., https://www.dhs.gov/person/elaine-c-duke (last updated Aug. 8, 2017). Elaine Duke is therefore automatically substituted as a defendant in this matter. *See* Fed. R. Civ. P. 25(d).

the Petition because Dang was released on July 26, 2017, subject to certain conditions. *See* (Resp. to Pet., "Resp.") [Doc. No. 6 at 1]; *see also* (Ex. 1, Attached to Decl.) [Doc. No. 7-1].[2] No reply to the Response was filed. *See* (Order Dated July 10, 2017) [Doc. No. 5].

## II. DISCUSSION

### A. Legal Standard

An alien who has been ordered removed must be removed within ninety days, the "removal period," subject to certain exceptions. 8 U.S.C. § 1231(a)(1)(A). An alien who is considered inadmissible based on his or her criminal convictions "may be detained beyond the removal period, and, if released, shall be subject to the terms of supervision in [§ 1231(a)(3)]." *Id.* § 1231(a)(6). The United States Supreme Court held that § 1231(a)(6) contains "an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). In *Zadvydas*, the Supreme Court held that an alien may only be kept in custody for six months subject to a final removal order unless there is a significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701; *see also Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (Schiltz, J.).

Dang's release implicates this Court's subject matter jurisdiction. *See* (Resp. at 1–2). "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi,* 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (internal quotation marks omitted).[3] "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have

---

[2] Exhibit 1 contains the following documents: Release Notification, Order of Supervision, and Warning for Failure to Comply with Terms of Supervised Release. *See* (Ex. 1). When referring to Exhibit 1, the Court uses the page numbers assigned by CM/ECF.

[3] *Ali* addressed prudential mootness. 419 F.3d at 724. Because Respondents do not argue prudential mootness, this Court does not address it.

2

a personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (omission in original) (internal quotation marks omitted). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks omitted). "When, during the course of litigation, the issues presented in a case lose their life because of . . . a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali*, 419 F.3d at 723 (second omission in original) (internal quotation marks omitted). When a case is moot under Article III, it must be dismissed for lack of subject-matter jurisdiction. *Id.* at 724.

Nonetheless, Dang's release does not automatically render his Petition moot. *See Spencer*, 523 U.S. at 7; *Ali*, 419 F.3d at 724. Whether Dang's Petition is moot "depends on potentially applicable exceptions to the mootness doctrine." *Sayonkon v. Beniecke*, No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (Keyes, Mag. J.), *adopted by* 2012 WL 1622545 (May 9, 2012) (Davis, C.J.). A petition

> should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."

*Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)).

### B. Analysis

#### 1. Mootness

None of the exceptions to the mootness doctrine apply in Dang's case. The first exception applies when there is a "concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7. Here, there is no continuing injury from Dang's conditions of

release because they are not a collateral consequence of his allegedly illegal detention, which is the subject of his Petition. *See Sayonkon*, 2012 WL 1621149, at *2; *see also Camara v. Comfort*, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002) ("The primary injury alleged in the petition, however, was Petitioner's illegal detention, not the final order of removal to which he is subject. Since the conditions in the order of supervision flow, not from Petitioner's illegal detention, but from the final order of removal, they are not collateral consequences of Petitioner's detention, and therefore cannot sustain the petition's justiciability under Article III."). Instead, his conditions of release "flow from his final order of removal."[4] *See Sayonkon*, 2012 WL 1621149, at *2. Further, the conditions imposed on Dang's release are reasonable. *Compare* (Ex. 1 at 3–4) (listing conditions of release), *with Sayonkon*, 2012 WL 1621149, at *3 (finding substantially similar conditions of release are reasonable).

The second exception to the mootness doctrine—that the issue identified is "capable of repetition yet evading review"—is narrow and only applies "when there is a 'reasonable expectation that the same complaining party will be subjected to the same action again.'" *Sayonkon*, 2012 WL 1621149, at *3 (quoting *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1988)). Here, there is no evidence that Dang will be detained again for a lengthy period of time. To the contrary, Respondents are working to remove Dang from the United States. (Ex. 1 at 1) (advising Dang that "[o]nce a travel document is obtained, [he] will be required to surrender to ICE for removal"). Further, whether Dang violates the conditions of his release is a circumstance

---

[4] Dang does not challenge the order of removal. *See* (Pet.). But even if he did, a habeas proceeding under 28 U.S.C. § 2241 would not be the appropriate procedure. *See* 8 U.S.C. § 1252(a)(5) (stating that, regardless of 28 U.S.C. § 2241 or other habeas provisions, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal"); *see also De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 616 (2d Cir. 2007) ("[D]istrict courts may no longer review removal orders via habeas corpus.").

wholly within Dang's control and therefore, does not satisfy the capable-of-repetition aspect of this exception. *See Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998) (stating that plaintiffs' claims that at least one of them is likely to violate parole and return to the correctional facility with complained-of Americans with Disabilities Act violations does not satisfy the "capable-of-repetition" prong because that result is within their control and "they are required by law[] to prevent such a possibility from occurring" (internal quotation marks omitted)).

The third exception—voluntary cessation of the illegal conduct that may be resumed—is of particular concern when an alien is released following a habeas petition. A petition is moot "'if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction.'" *Sayonkon*, 2012 WL 1621149, at *4 (quoting *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005) (per curiam)). In other words, if the defendant voluntarily ceased its offensive conduct with the specific intent to deprive the Court of jurisdiction, the case is not moot. *See id.* There is no evidence in the record to suggest, however, that Dang was released to deprive this Court of jurisdiction.

Finally, the class action exception does not apply because Dang seeks individual and not class action relief. *See* (Pet.).

Dang's Petition challenges the length of his ICE detention and seeks release. (Pet. at 7). But because Dang was released and ICE continues to work towards his removal, the Court cannot order the relief sought. Further, none of the exceptions to the mootness doctrine apply. Therefore, the Court recommends the Petition be denied as moot.

### 2. Remaining Requests

Dang also seeks also seeks injunctive relief preventing Respondents from "further unlawful detention." (Pet. at 7). In light of the Court's analysis that his detention is unlikely to be

repeated, the Court will not recommend the issuance of an injunction. Nonetheless, consistent with Eighth Circuit law, the Court recommends dismissal of the Petition without prejudice, providing Dang with an avenue for relief if he believes he is once again the subject of unlawful detention. *See Ali*, 419 F.3d at 724 (remanding to the district court to dismiss without prejudice the application for a writ of habeas corpus as moot).

Finally, Dang seeks fees and costs under the EAJA. (Pet. at 7). The EAJA permits a court to award fees and other expenses incurred by a prevailing party other than the United States in "any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." 28 U.S.C. § 2412(a)(1); *see also id.* § 2412(d)(1)(A). A prevailing party must alter "the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* Respondents voluntarily released Dang, and therefore, Dang is not a prevailing party under the EAJA. Therefore, the Court denies Dang's request for fees and costs under the EAJA.

## III. DANG'S CURRENT LOCATION

Because Dang has been released from ICE custody, it appears the address on file with the Clerk of Court is no longer current. The provisions of Dang's release suggest that ICE can locate Dang to advise him of the Court's Report and Recommendation. The Court, therefore, directs ICE, its counsel, or both, to make reasonable efforts to provide Dang with a copy of this Report and Recommendation within seven days of the date it is issued. Respondents must also file a letter with the Clerk of Court informing the Court of Dang's current address. Respondents shall

6

have a continuing obligation to apprise the Court of Dang's address until judgment is entered in this case.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Respondents must:

1. Make reasonable efforts to provide Petitioner Tuan Anh Dang ("Dang") with a copy of this Report and Recommendation **within seven (7) days**;

2. File a letter with the Clerk of Court informing the Court of Dang's current address; and

3. Continue to apprise the Court of Dang's address until judgment is entered in this case.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Dang's Petition for a Writ of Habeas Corpus [Doc. No. 1] be **DENIED as moot**; and

2. This action be **DISMISSED without prejudice**.

Dated: September 21, 2017

           *s/Steven E. Rau*
           STEVEN E. RAU
           United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).